IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 07-CR-38-TCK |
| DEMARIO JARAIL WRIGHT, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Before the Court is the Defendant Demario Jarail Wright's ("Wright's") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 41). On May 19, 2021, the Government filed its Response in Opposition (Doc. 46).

Wright seeks a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018, and a combination of factors which warrant relief. The Government urges the Court to deny Wright's § 3582(c)(1)(A) motion based on the contention that Wright is not eligible for compassionate release. *Id.* Specifically, the Government argues that this Court should deny Wright's motion for reduction of sentence under the First Step Act " because Wright committed his § 924(c) offenses before the First Step Act amended the sentencing procedures of § 924(c), and those amendments do not apply retroactively… Moreover, to the extent that Wright's motion could seek compassionate release, his violent offense conduct, criminal history, and many serious disciplinary infractions while incarcerated all weigh heavily against his release." Doc. 46 at 1.

**I. Background**

In 2006 and 2007, Wright robbed a series of Tulsa businesses at gunpoint. PSR at ¶¶ 1–6; 13–16. In 2007, after a Kwick Mart cashier refused to sell him cigarettes without proper

identification, Wright returned to the store and demanded money from the register. Id. at ¶ 13. When the cashier refused, Wright fired two rounds at her, and left the store without any cash. Id. Thirty minutes later, Wright walked into a nearby Taco Bueno, pulled out a handgun, chambered a round, and demanded money, telling the employees that if they did not hurry, he would "pop them." Id at ¶ 14.

An indictment charged Wright with five armed robberies in violation of 18 U.S.C. § 1951 (the Hobbs Act) and three counts of discharging or brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Doc. 13.

Wright pleaded guilty to one count of armed robbery and to two violations of § 924(c) related to a pair of robberies he committed on March 2, 2007. Doc. 19 at 2. In his plea agreement, Wright stipulated that he had discharged a firearm during one of the robberies. Id. At the time of his conviction, a first conviction for discharging a firearm under § 924(c) carried a minimum 10-year sentence, and a second § 924(c) conviction carried a minimum 25-year sentence. See 18 U.S.C. § 924(c)(1)(C)(i) (2007). On August 28, 2007, Wright received a 51-month term for the armed robbery, a consecutive 120-month term for the first § 924(c) violation, and a consecutive 300-month term for the second § 924(c) conviction. Doc.25 at 2.

Wright has served approximately 14 years of his 39-year sentence. See Doc. 46, Exhibit 1, Inmate Profile at 4. While incarcerated, he has accrued a disciplinary record, including 21 separate disciplinary referrals, ranging from minor (being in unauthorized areas and refusing work) to serious (assaulting staff and other inmates, possessing a dangerous weapon, and possessing drugs or alcohol). Id. at 6-12. The infractions began the year Wright entered BOP and span his entire period of incarceration. In the most recent incident, on June 22, 2020, Wright was found guilty of

blocking a locking device and assaulting staff. Id. at 6. Wright's inmate profile states that Wright suffers from "anger/hostility," and has a "high" risk of recidivism. Doc. 46, Ex. 1 at 1-2.

**II. Applicable Law**

In December 2018, Congress enacted the First Step Act ("FSA") which modified §3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). [1]

---

[1] The U.S. Sentencing Commission published data on resentencings pursuant to Section 404 of the First Step Act of 2018. Under Section 404, defendants sentenced before the Fair Sentencing Act of 2010 are eligible for a retroactive sentence reduction. Through June 30, 2020, the Commission found that 3,363 offenders were granted a sentence reduction. Of the 3,363 offenders granted sentence reduction 65.6 % were assigned to the highest Criminal History Category (IV), 56.3 % were Career Offenders, and 44.5 % received a weapon-related sentencing enhancement. United States Sentencing Commission, October 19, 2020.

If the Court finds the exhaustion requirements are met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.*; See also, *United States v. Maumau*, No. 20-4056 at 7 (10th Cir. Apr. 1, 2021).

**A. Exhaustion Requirement**

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, the Tenth Circuit Court of Appeals has recently held that exhaustion should be "treat[ed] as a mandatory claim-processing rule." *United States v. Watson*, No. 20-5046, ft.n. 1 at 2 (10th Cir. June 24, 2021) citing *Hamer v. Neighborhood Hous. Servs. Of Chicago*, 138 S.Ct. 13, 17 (2017)("If properly invoked, mandatory claim-processing rules must be enforced, *but they may be waived or forfeited*." (emphasis added)).

**B. Extraordinary and Compelling Circumstances**

As many district courts have noted post-First Step Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Maumau*, No. 20-4056 at 11 (10th Cir. Apr. 1, 2021); *United States v. Bucci*, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13. The commentary to this section states:

1. Extraordinary and Compelling Reasons. –Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. –The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

(i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

However, the Tenth Circuit has recently clarified this position and held that § 1B1.3 is not binding on district courts "when a defendant files a motion to reduce sentence under § 3582(c)(1)(A) directly with the district court." *Id.*

**C. Sentencing Commission Policy and 18 U.S.C. § 3553(a) Factors**

Section 3582(c)(1)(A) allows for a court to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

The § 3553(a) "factors include, among other things, '(1) the nature and circumstances of

5

the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *United States v. Rodriguez-Orejuela*, 2020 WL 2050434, at *4 (S.D. Fla. Apr. 28, 2020) (quoting 18 U.S.C. § 3553(a)).

Under § 1B1.13 of the U.S. Sentencing Guidelines, the Court may reduce a term of imprisonment after consideration of the § 3553(a) factors, if the Court determines that:

(1) (A) extraordinary and compelling reasons warrant the reduction;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)-(3).

**III. A Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) is not Warranted**

**A. Wright Has Not Met the Exhaustion Requirements of § 3582(c)(1)(A)**

Wright does not state if he has submitted a written request to the warden requesting a compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i). Therefore, the Court cannot determine whether Wright has fully exhausted his administrative appeals and has met the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A). However, as noted *supra*, the Tenth Circuit Court of Appeals has recently held that although exhaustion should be "treat[ed] as a mandatory claim-processing rule, it may be waived or forfeited." *United States v. Watson*, No. 20-5046, ft.n. 1 at 2 (10th Cir. June 24, 2021) citing *Hamer v. Neighborhood Hous. Servs. Of Chicago*, 138 S.Ct. 13, 17 (2017). In light of the ultimate ruling in the instant case, this Court finds the exhaustion requirement is waived.

**B. Extraordinary and Compelling Circumstances Do Not Justify a Reduction in Sentence**

In considering Wright's motion, the Court has reviewed the three-part test adopted by the Tenth Circuit in *United States v. Maumau*, No. 20-4056 at 7 (10th Cir. Apr. 1, 2021) (citing *United States v. Jones,* 980 F.3d 1098, 1107 (6th Cir. 2020)). Step one requires the Court to determine at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. Step two requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. Step three requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. However, because the policy statements of the Sentencing Commission have not been updated since enactment of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file motions for compassionate release directly with the Court, the existing policy statements are not applicable to motions filed directly by defendants. *Id*. at 12. Further, when any of the three prerequisite steps are lacking, the Court may deny a compassionate release motion and does not need to address the other steps. The Court must address all three steps when granting such motion. *Id.* at 13 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). See also *United States v. McGee*, No. 20-5047 (10th Cir. Mar. 29, 2021).

Wright seeks compassionate release based on the lengthy sentence he received due to the stacking provisions of 18 U.S.C. § 924(c). Wright was 21 years old at the time of his offenses and now he is 35 years of age. His two stacked 924(c) counts totaled 35 years because the first was for discharging a firearm. He robbed the convenience store and Taco Bueno on March 2, 2007 and the

Dollar General on March 3, 2007. The cashier at the convenience store refused to give him money and he fired two rounds that did not hit anyone. However, even if this Court concluded that the 471 month sentence qualified as an extraordinary and compelling circumstance because of the sentencing disparity created by the First Step Act and the changes to the penalty provisions under 18 U.S.C. § 924(c), it would nonetheless deny Wright's motion based on the § 3553(a) factors. See, e.g., *United States v. Williams*, 848 F.App'x 810, 813 n.3 (10th Cir. 2021) (declining to reach argument that district court erred in concluding defendant failed to establish extraordinary and compelling circumstances, based on court's "explicit statement that even if [defendant] could show extraordinary and compelling circumstances, it would deny relief based on the § 3553(a) factors.").

**C. A Reduction in Sentence is not Warranted After Consideration of the 18 U.S.C. § 3553(a) Factors and Sentencing Guidelines Policy**

Having established that Wright has not exhausted his administrative appeal, and that extraordinary and compelling circumstances do not exist, the Court also considers the factors under 18 U.S.C. § 3553(a) and the Sentencing Guidelines policy to determine whether a reduction in sentence is warranted.

Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Id.* Indeed, the Court continued, "Post-sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* at

1242.² See e.g. *United States v. Millan*, 91-CR-685 (LAP), 2020 WL 1674058, at \*9 (S.D.N.Y. Apr. 6, 2020) (granting a sentence reduction under § 3582(c) to a defendant who ran a drug-trafficking organization, given that "[the defendant], in the face of a life sentence, assumed a positive outlook and attitude towards life, sought to improve himself to the utmost extent possible and was motivated to do so notwithstanding his circumstances").

Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); *United States v. Maumau*, No. 20-4056 at 7 (10th Cir. Apr. 1, 2021) (citing *United States v. Jones,* 980 F.3d 1098, 1107 (6th Cir. 2020)). Those factors demonstrate that Wright remains a significant danger to the community. A reduction in his sentence would not serve the interests of justice but would serve instead to minimize the severity of his offense. His serious offense conduct, including firing two rounds at a cashier who refused to sell him cigarettes or empty the cash register, weighs against his release.

Next, Wright's sentence, although severe, was the result of an advantageous plea bargain, in which the government agreed (1) not to initiate additional criminal charges based on its investigation; (2) to dismiss six counts of the indictment, including two additional robberies and a

---

² "In addition, evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of post sentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2) – in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training…or other correctional treatment in the most effective manner." §§3553(a)(2)(B)-(D); see *McMannus,* 496 F.3d, at 853 (Melloy, J., concurring) ("In assessing…deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct"). *Id*.

third § 924(c) charge; (3) to recommend a three-level reduction for acceptance of responsibility; and (4) to recommend the low end of the guidelines range. Id. at ¶¶ 10–11.

Third, despite Wright's youth, he had already accrued a serious criminal history by the time of this conviction at age 21, including two felony convictions, and he committed the federal offenses while an application to revoke his state suspended sentences was pending. Id. at ¶¶ 35–39. In between the robberies charged in the indictment, Wright was shot multiple times with a .45 caliber handgun. Id. at ¶ 47.

Finally, Wright's conduct since being incarcerated, demonstrates that he has not been rehabilitated, and if released, would continue to pose a danger to the community. While in the Bureau of Prisons, Wright has consistently committed serious and violent disciplinary infractions, from possessing a dangerous weapon to assaulting staff and another inmate. Doc. 46, Ex. 1 at 6-12. He has refused to participate in needed rehabilitation. Id. at 1. In light of his criminal and disciplinary history, the Bureau of Prisons classifies Wright as at high risk of recidivism. Id. at 2.

Therefore, considering the history and characteristics pursuant to 18 U.S.C. § 3553(a)(1), Wright's conduct while incarcerated demonstrates the danger he continues to pose to the community, and warrants denial of his motion. Thus, to deter his future criminal conduct and protect the public from Wright's further crimes, this Court denies his motion for compassionate release. See 18 U.S.C. § 3553(a)(2).[3]

---

[3] Wright's limited attempts at rehabilitation fall short of the exemplary conduct this Court has required of other defendants when reducing sentences to time served. Wright has not completed his GED and has incurred other infractions. This is not to say that Wright cannot file another Motion for Compassionate Release with additional evidence of post-rehabilitation evidence and conduct.

## IV. CONCLUSION

Because Wright has failed to meet his burden under § 3582(c)(1)(A) of showing either that an extraordinary and compelling reason exists for compassionate release, or that the § 3553(a) factors weigh in favor of the sentence reduction he seeks, the Court denies Wright's Motion for Compassionate Release. (Doc. 41).

.       **IT IS SO ORDERED this 9th day of July, 2021.**

*[signature]*
TERENCE C. KERN
United States District Judge